BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8231
    Facsimile: (213) 894-0141
    E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>            v.<br><br>ISMAEL GARCIA, JR.,<br>  aka "Ismael Garcia,"<br>  aka "Mario Gomez,"<br>  aka "Vago Gomez,"<br>  aka "Mario Vago,"<br>  aka "Junior Garcia,"<br><br><br>      Defendant. | Case No. 2:25-cr-00655-MEMF<br><br>GOVERNMENT'S SENTENCING MEMORANDUM FOR ISMAEL GARCIA, JR.<br><br>Sentencing Date:    4/15/2026<br>Sentencing Time:    2:00 P.M. |

      Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its sentencing memorandum as to defendant Ismael Garcia, Jr.

//

//

This sentencing memorandum is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 11, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
LAUREN E. BORDER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On June 18, 2025, Ismael Garcia, Jr. ("defendant"), a four-time convicted felon, possessed a machine gun with an obliterated serial number that was loaded with four live rounds of ammunition.  On December 16, 2025, defendant pleaded guilty to one count of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Dkt. 58.)  The United States Probation and Pretrial Services Office ("USPO") issued its Presentence Investigation Report ("PSR") (Dkt. 60) and disclosed its sentencing recommendation letter (Dkt. 59). USPO calculated a total offense level of 23 and a criminal history category of IV pursuant to the United States Sentencing Guidelines ("USSG" or "Guidelines"), resulting in an advisory Guidelines range of 70 to 87 months' imprisonment.  (PSR at 3.)

The government has no objections to USPO's calculations and agrees with Pretrial Services that a low-end sentence of 70 months' imprisonment is appropriate, followed by a three-year term of supervised release.

**II.  STATEMENT OF FACTS**

Defendant admitted the following facts at his change of plea hearing on December 16, 2025:

On or about June 18, 2025, in Manhattan Beach, California, within the Central District of California, defendant, a convicted felon, knowingly possessed ammunition, namely, four rounds of .32 caliber ammunition, bearing the headstamp "Hornady," which were manufactured in Nebraska.  Because the ammunition defendant knowingly possessed was manufactured outside of California, it had to travel through interstate or foreign commerce to be recovered in Los Angeles

County.  The ammunition was loaded into a VZ.61 Škorpion-type, .32 ACP caliber firearm, bearing an obliterated serial number, which qualified as a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Sections 5845(a)(6) and (b).  Defendant acknowledges that at all times the firearm he possessed was a machinegun and that it had an obliterated serial number.

Defendant knowingly possessed the ammunition on June 18, 2025 having previously been convicted of, and knowing he had previously been convicted of, at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Petty Theft with Priors, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Los Angeles, Case Number TA49895, on or about February 2, 1998;

2. Carjacking, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California, County of Los Angeles, Case Number PA036353, on or about August 16, 2000;

3. Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case Number TA130457, on or about October 17, 2013; and

4. Mayhem, in violation of California Penal Code Section 203, in the Superior Court of the State of California, County of Los Angeles, Case Number VA138494, on or about May 19, 2015.

2

Defendant admits that this conviction is for a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(3).

**III. ARGUMENT**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).  The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations.  18 U.S.C. § 3553(a)(2).  The government's requested sentence is sufficient to serve these goals.

    **A.    Nature and Circumstances of the Offense and History and Characteristics of Defendant**

The government's recommended sentence is appropriate to account for the seriousness of defendant's criminal conduct.  Defendant illegally possessed a loaded machine gun that had an obliterated serial number after sustaining multiple felony convictions, including a crime of violence (Mayhem, in violation of California Penal Code Section 203, in the Superior Court of the State of California, County of Los Angeles, Case Number VA138494, on or about May 19, 2015).  Indeed, defendant has been convicted of violent crimes such as battery since the age of 15, and domestic violence since the age of 18.  (See PSR ¶¶ 38, 42.)  In light of defendant's charged conduct

3

and criminal history, the government's proposed sentence will adequately account for the wrongfulness of defendant's conduct.

**B.      Need for Deterrence and to Promote Respect for the Law**

The government's recommended sentence will also help to promote respect for the law and help to deter defendant and others from unlawfully carrying firearms and ammunition.

**C.      Need to Avoid Unwarranted Disparities**

In fashioning a sentence, the Court must minimize sentencing disparities among similarly situated defendants.  18 U.S.C. § 3553(a)(6).  One way of doing so is to sentence defendants within the Guidelines range.  See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity'[.]"); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  The United States' recommended sentence is within the Guidelines range and avoids an unwarranted disparity with similarly situated defendants.

**IV.   FORFEITURE**

The government expects to file a preliminary order of forfeiture prior to the sentencing hearing.  As such, the government requests that the Court pronounce the forfeiture to the defendant at sentencing and include the forfeiture in defendant's judgment and commitment order.

**V. CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose the government's recommended 70-month prison sentence; a three-year term of supervised release; no fine; a mandatory $100 special assessment; and include the forfeiture in defendant's judgment and commitment order.